UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Earnest Jesse Richardson,

          Plaintiff,

v.                                    Civ. No. 05-292 (JNE/JSM)
                                    ORDER

Officer Francisco Porras, et al.,

          Defendants.

Plaintiff brought this suit under 42 U.S.C. §§ 1981, 1983 (2000) seeking money damages related to an alleged racial profiling incident. The case is before the Court on Defendants' Rule 12(b)(6) motion to dismiss and/or motion for summary judgment. The parties have submitted matters outside the pleadings, so the Court treats Defendants' motion as a motion for summary judgment. For the reasons stated herein, Defendants' motion is granted.

Plaintiff's claims relate to the events that gave rise to his 2003 conviction under 18 U.S.C. § 922(g)(1) (2000) (felon in possession of a firearm) and subsequent incarceration. Specifically, Plaintiff, an African American, claims that he was racially profiled by Defendant Officer Francisco Porras and Defendant Officer Lora Hanks in violation of the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution. Plaintiff claims this racial profiling prompted Porras and Hanks to approach Plaintiff, which ultimately resulted in the discovery of evidence leading to Plaintiff's conviction and incarceration. In addition, Plaintiff claims Defendant City of Minneapolis is liable because it failed to adequately train Porras and Hanks or, in the alternative, because it has a policy of encouraging racial profiling. As clarified by Plaintiff's Answers to Defendants' First Set of Interrogatories, Plaintiff seeks damages for

> 1.) loss of liberty, 2.) loss of right, freedom of association, 3.) loss of parental opportunity to be there for my children, 4.) loss of opportunity to engage in a livelihood, 5.) Defendant[s'] action[s] have contributed to Plaintiff's criminal record, . . . 6.) immediate family has been forced out of or force[d] to move from

>one (1) address as a result of my incarceration, being that I can't provide an income . . . , and; 7.) emotional distress and literal, physical (unwarranted) invasions of my privacy associated with this incarceration.

Defendants argue, among other things, that Plaintiff's claims should be dismissed because they constitute an inappropriate collateral attack on Plaintiff's conviction.

"[W]hen a . . . prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). When a judgment would necessarily imply the invalidity of a conviction or sentence, no cause of action exists "under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489.

In this case, Plaintiff seeks damages for injuries flowing directly from his conviction and incarceration. Consequently, Plaintiff must necessarily challenge the validity of his conviction to succeed. *See id*. at 487 n. 7 (indicating that damages for "the 'injury' of being convicted and imprisoned" are not recoverable until the underlying conviction has been invalidated).[1] While

---

[1] The Court notes that a judgment for a plaintiff in a § 1983 action for damages attributable to an allegedly illegal search, even when that search produced evidence that was used in a trial resulting in the § 1983 plaintiff's still-valid conviction, may not necessarily imply the invalidity of the conviction because of the existence of doctrines like inevitable discovery, independent source, and harmless error. *Heck*, 512 U.S. at 487 n. 7; *see also Moore v. Sims*, 200 F.3d 1170, 1171-72 (8th Cir. 2000) (per curiam). Even if it were not clear from the nature of Plaintiff's claimed injuries that this suit impermissibly conflicts with Plaintiff's still-valid conviction, there is no indication, and Plaintiff does not allege, that collateral source, inevitable discovery, harmless error, or any other similar doctrine would apply to the evidence discovered as a result of the alleged racial profiling. *Cf. Ballenger v. Owens*, 352 F.3d 842, 846-47 (6th Cir. 2003) ("When evidence derived from an illegal search would have to be suppressed in a criminal case if the judgment in the § 1983 claim were to be applied to the criminal case and the suppression would *necessarily* invalidate the criminal conviction, the stated principle of *Heck* would apply,

Plaintiff claims that evidence obtained from the encounter following the alleged racial profiling was excluded in a separate state prosecution, Plaintiff does not allege that his federal conviction has been reversed, expunged, impugned by grant of a writ of habeas corpus, or otherwise invalidated.  Accordingly, Plaintiff has no cause of action under § 1983.

Section 1981 grants "[a]ll persons . . . the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."  42 U.S.C. § 1981 (2000); *see also Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) ("Any claim brought under § 1981. . . must initially identify an impaired 'contractual relationship' under which the plaintiff has rights." (citation omitted)); *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 295 (1976) ("[Section 1981] was meant, by its broad terms, to proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race.").  Plaintiff makes no allegations involving the creation or enforcement of contracts and therefore fails to state a claim under § 1981.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' motion for summary judgment [Docket No. 34] is GRANTED.

2. Plaintiff's Complaint [Docket No. 1] is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  September 14, 2007          s/  Joan N. Ericksen
                                    JOAN N. ERICKSEN
                                    United States District Judge

---

and the § 1983 claim would have to be dismissed; there would be no cause of action under § 1983.").